**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

REYMUNDO PERALTA PEGUERO,

      *Petitioner*,

      v.

WARDEN, ELIZABETH DETENTION
CENTER, *et al.*,

      *Respondents*.

No. 26-cv-06812

**ORDER**

---

**THIS MATTER** comes before the Court upon the Petition for Writ of Habeas Corpus, (ECF No. 1), in which Petitioner alleges that he has been unlawfully detained without a valid legal basis and without a bond hearing. Following the entry of the Court's Self-Executing Order, Respondents filed an answer opposing the Petition. (ECF No. 6). The Court afforded Petitioner an opportunity to respond to Respondents' opposition by June 15, 2026 at 5:00 p.m., (ECF No. 7), but Petitioner did not file any response; and

**WHEREAS**, Petitioner is a native and citizen of the Dominican Republic who entered the United States on April 9, 2024 on a B-2 non-immigrant "Visitor for Pleasure" visa with authorization to remain until October 8, 2024. (Resps.' Ex. A, ECF No. 6-1 at 2). Petitioner overstayed his visitor visa and has remained in the United States since his entry. (*See id.*). On May 28, 2026, Camden County Police arrested Petitioner for aggravated assault. (Resps.' Ex. A, ECF No. 6-1 at 2). On May 29, 2026, Immigration and Customs Enforcement ("ICE") took custody of Petitioner outside of the Camden County Jail pursuant to an administrative warrant. (*Id.*; Resps.' Ex. B, ECF No. 6-2). Petitioner was issued a Notice to Appear and Notice of Custody Redetermination. (Resps.' Ex. C, ECF No. 6-3; Ex. D, ECF No. 6-4). Respondents maintain that

Petitioner was scheduled for a bond hearing on June 16, 2026. (Resps.' Ex. F, ECF No. 6-6 at 1). There is currently nothing in the record that indicates a bond hearing occurred on that date; and

**WHEREAS**, Respondents assert that Petitioner is properly detained under 8 U.S.C. § 1226(a) and will be afforded a bond hearing. Accordingly, Respondents argue that Petitioner's claims fail because they are premised on the incorrect assertion that he has been denied access to a bond hearing. (*See* Resps.' Br., ECF No. 6 at 2); and

**WHEREAS**, the Court agrees with Respondents' position provided that Petitioner has actually been afforded a bond hearing. "[U]nder 8 U.S.C. § 1226(a), an alien may be detained so long as [they are] provided a bond hearing upon request at which [they] can secure release by showing by a preponderance of the evidence that [they are] neither a danger nor a flight risk." *Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025). Petitioner is being afforded that opportunity here, and he does not otherwise dispute that § 1226(a) governs his detention. To the extent Petitioner contends that the bond hearing process will be fundamentally unfair or constitutionally inadequate, he must first exhaust the administrative remedies available to him by proceeding through the bond hearing and, if necessary, the administrative appeal process before this Court may consider those claims. *See Doe v. Jamison*, No. 26-1906, 2026 WL 916568, at *4 (E.D. Pa. Mar. 31, 2026) ("Because the government must provide a bond hearing to Petitioner, he must exhaust his administrative remedies before this Court may consider his remaining due process claims that a bond redetermination hearing and appeal to the Board of Immigration Appeals does not provide due process."); but

**WHEREAS**, because the Court cannot determine whether a bond hearing in fact occurred, Respondents will be required to show such proof before the Court dismisses the Petition; therefore

**IT IS** on this 18th day of June, 2026

**ORDERED** that, by June 22, 2026 at 5:00 p.m., Respondents shall file competent proof that indicates whether Petitioner received a bond hearing and, if so, the outcome of the bond hearing including a copy of the decision issued no later than June 22, 2026; and it is finally

**ORDERED** that the no-transfer order, (ECF No. 2), shall remain in place until further order of the Court.

**CHRISTINE P. O'HEARN**
**United States District Judge**