**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**REYMUNDO PERALTA PEGUERO**,

*Petitioner*,

v.

**WARDEN, ELIZABETH DETENTION CENTER**, *et al.*,

*Respondents*.

No. 26-cv-06812

**ORDER**

---

**THIS MATTER** comes before the Court upon the Petition for Writ of Habeas Corpus, (ECF No. 1), in which Petitioner alleges that he has been unlawfully detained without a valid legal basis and without a bond hearing. Following the entry of the Court's Self-Executing Order, Respondents filed an answer opposing the Petition. (ECF No. 6). The Court afforded Petitioner an opportunity to respond to Respondents' opposition by June 15, 2026, at 5:00 p.m., (ECF No. 7), but Petitioner did not file any response; and

**WHEREAS**, Petitioner is a native and citizen of the Dominican Republic who entered the United States on April 9, 2024, on a B-2 non-immigrant "Visitor for Pleasure" visa with authorization to remain until October 8, 2024. (Resps.' Ex. A, ECF No. 6-1 at 2). Petitioner overstayed his visitor visa and has remained in the United States since his entry. (*See id.*). On May 28, 2026, Camden County Police arrested Petitioner for aggravated assault. (Resps.' Ex. A, ECF No. 6-1 at 2). On May 29, 2026, Immigration and Customs Enforcement ("ICE") took custody of Petitioner outside the Camden County Jail pursuant to an administrative warrant. (*Id.*; Resps.' Ex. B, ECF No. 6-2). Petitioner was issued a Notice to Appear and Notice of Custody Redetermination. (Resps.' Ex. C, ECF No. 6-3; Ex. D, ECF No. 6-4); and

**WHEREAS**, in his Petition, Petitioner alleged, among other things, that he had received "no individualized custody hearing and no meaningful opportunity to challenge the basis for his detention," and sought immediate release or, in the alternative, a prompt custody hearing before a neutral adjudicator. (Pet., ECF No. 1 at 4–6); and

**WHEREAS**, Respondents answered that Petitioner had requested a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) and that a hearing had been scheduled. (ECF No. 6); and

**WHEREAS**, the Court subsequently ordered Respondents to file competent proof that Petitioner had received a bond hearing and the outcome of the hearing. (ECF No. 8); and

**WHEREAS**, Respondents thereafter filed proof that Petitioner received a bond hearing before an IJ on June 16, 2026, and that the IJ denied bond after finding that Petitioner had not met his burden to show that he is not a danger to the community or a flight risk. (ECF No. 9); and

**WHEREAS**, the bond hearing transcript further reflects that the IJ denied bond in part based on the nature and recency of Petitioner's pending domestic-violence-related aggravated-assault charges.[1] (ECF No. 9-2 at 3); and

**WHEREAS**, the Petition is therefore moot because Petitioner has received the § 1226(a) bond hearing he alleged he had been denied.[2]

---

[1]  Although Petitioner alleged in his verified Petition that the criminal case against him was "dismissed in its entirety," (ECF No. 1 at 2), according to the transcript of the bond hearing, his counsel stated that, although his wife had attempted to have the charges dismissed, they were still pending, (ECF No. 9-2 at 2).

[2]  To the extent Petitioner seeks review of the IJ's denial of bond, this Court lacks jurisdiction to reweigh the evidence or otherwise review the discretionary bond determination itself. *See* 8 U.S.C. § 1226(e). While this Court may review whether a bond hearing is fundamentally unfair, *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2–3 (3d Cir. Feb. 25, 2022), Petitioner did not raise such a claim in the Petition. However, the Court will deny the Petition without prejudice in the event Petitioner seeks to now assert such a claim.

**IT IS** on this <u>22nd</u> day of <u>June</u>, 2026,

**ORDERED** that the Petition for Writ of Habeas Corpus, (ECF No. 1), is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Petitioner shall file any amended petition by July 7, 2026; and it is further

**ORDERED** that, to preserve access to counsel, Petitioner shall not be transferred from the State of New Jersey; and it is finally

**ORDERED** that, if no amended petition is filed within the time set forth above, all Orders not to transfer Petitioner shall be **VACATED** and the Clerk of the Court shall close the case.

 

**CHRISTINE P. O'HEARN**
**United States District Judge**

3